UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDRIS D. DAVIS,

           Plaintiff,           Case No. 1:24-cv-1050

v.                                                Hon. Jane M. Beckering

CONNOR HEATON,

           Defendant.
_____/

**REPORT AND RECOMMENDATION**

       *Pro se* plaintiff Edris D. Davis filed a very long small claims complaint in Michigan's 60th Judicial District Court in Muskegon County. *See* Complaint (ECF No. 1-1, PageID.5-54). On October 7, 2024, defendant Officer Connor Heaton removed the case to this Court pursuant to 28 U.S.C. § 1441 and § 1446 because it alleged federal claims, stating in part:

> Plaintiff appears to allege the following causes of action: (1) deprivation of civil rights pursuant to U.S.C. 42 § 1983; (2) a conspiracy against rights under U.S.C. 18 § 241, U.S.C. 18 § 242, and U.S.C. 42 § 1985; and (3) an action for neglect to prevent interference with civil rights under U.S.C. 42 § 1986 arising from an incident between Plaintiff Edris and Defendant Heaton that occurred in August 2024. Furthermore, the Plaintiff also appears to be challenging the 60th Judicial District Court's jurisdiction over his claims based on his status as a sovereign citizen.

*See* Notice of Removal (ECF No. 1). Defendant also stated that "[t]he action filed by Plaintiff is one which the District Courts of the United States would have original jurisdiction under 28 U.S.C. § 1331 as a civil action arising under the Constitution and statutes of the United States." *Id*.

       This case is now before the Court on three matters. First, whether the Court has subject matter jurisdiction over this case. Second, defendant's unopposed motion to dismiss

brought pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 5).  Third, plaintiff's motion to remand the case back to state court (ECF No. 10).

### I.     The incident alleged in the complaint

Defendant fairly summarized the basic facts buried within the complaint:

> On July 27, 2024, Defendant Officer Connor Heaton responded to a call at 2715 Henry Street, an Aldi grocery store, at 6:17 PM concerning a dog left in a motor vehicle. (Affidavit, ECF No. 101, PageID.8) (Exhibit A - Police Report RP2401909).  Plaintiff considers himself to be a "sovereign" citizen. (Affidavit, ECF No. 101, PageID.8). Plaintiff told Defendant Heaton that he had no jurisdiction over Plaintiff despite being a sworn police officer. (Affidavit, ECF No. 101, PageID.9). Plaintiff attempted to justify this claim by showing Defendant Heaton paperwork supporting his belief, but Defendant Heaton declined to review it. (Affidavit, ECF No. 101, PageID.9). Defendant Heaton removed the "federal plate" placed on Plaintiff's car in place of a state-issued license plate. (Affidavit, ECF No. 101, PageID.8-9) (Ex. A). The "federal plate" said "USDOT Private Property – Not For Commerce, Transport for Hire." (Ex. A). Plaintiff's car was then towed from the Aldi's parking lot. (Affidavit, ECF No. 101, PageID.9). Plaintiff was found to have two outstanding warrants from Muskegon County and was arrested and transported to Muskegon County Jail. (Affidavit, ECF No. 101, PageID.9) (Ex. A).

Defendant's Brief (ECF No. 6, PageID.67-68) (emphasis and footnote omitted).

Plaintiff claims that Officer Heaton violated his rights.  Plaintiff's claims are based on the sovereign citizen fantasy that he is a "sovereign" and not subject to the laws of the State of Michigan.  In one affidavit, plaintiff states (in his words) that:

> 1.     On July 27, 2024 at 1817 Hours at 2715 Henry St. city of Roosevelt Park, County of Muskegon, State of Michigan Office Conner Heaton Of the Roosevelt Police Department did normally and willingly disregard my God-given rights as a sovereign. His admission Can be heard on a video cam that was attached to his body as he called in to warn other conspiracies he was in the presence of a sovereign. . .
>
> 4. The officer had no jurisdiction over me and ignored all my paperwork. The officer believed the state is the law of the land.

Davis Aff. (Sept. 4, 2024) (ECF No. 1-1, PageID.8-9).

In another affidavit, plaintiff objects to defendant's lack of authority stating:

1. There is no evidence to show Officer Heaton Connor [sic] of the Roosevelt Police Department is a real enforcement officer for the original republic.

As his oath of employment is with the STATE OF MICHIGAN...and not the REPUBLIC OF MICHIGAN

1.  I DO NOT CONSENT TO THESE PROCEEDING

2.  YOUR OFFER IS NOT Accepted.

3.  I Do not consent to being surety of this case 2423807st and these proceeding

4.  I demand the bond be immediately brought forward so i can see who will Indemnify me if I am damage.

i am the secured p filling Iowa SOS Michigan SOS is on NOTICE ( p24001094-1 1p24001419-6) all rights reserved 1- 308 with out prejudice.

Davis Aff. (Aug. 29, 2024) (ECF No. 1-1, PageID.13).  Plaintiff has also filed nonsensical documents such as: a "Notice Concerning Fiduciary Relationship" advising that he is acting for a "person" identified as "EDRIS DARNELL DAVIS TRUST©" (PageID.18-19); and, a "Common Law Copyright Notice" reserving the right to his name, and stating that "EDRIS DARNELL DAVIS© TRUST" (or derivative of this name) "may neither be used nor reproduced, neither in whole nor in part, in any manner whatsoever, without the prior, express, written consent and acknowledgment of Trustee/Trust in writing" (PageID.21-22).

The gist of plaintiff's claim is that Officer Heaton violated his rights because plaintiff is a sovereign and Heaton was not a sworn officer of the Republic of Michigan. Based on these fictitious legal relationships, plaintiff claims that he has a civil action for deprivation of rights under 42 U.S.C. § 1983 because "Officer Connor [sic] of the Roosevelt Police Department was asked to call a supervisor, which she never did." PageID.8.  In addition, defendant was part of a

3

"conspiracy against rights" violating 18 U.S.C. § 241 and removed plaintiff's "federal plate" from his "Private property without consent." *Id*. For his relief, plaintiff further stated (in his words):

> Because all my rights was revoked, I did serve 25 days in the county jail lost my vehicle and now i am behind on ever day life. My dog, as well as myself are very stressed and afraid to travel with our God-given rights as it may result, and an officer arresting me based on opinion and eagle. I asked the course today for relief $6500. Dollars is me slapping the face for what we have occurred.

PageID.10. In another affidavit, plaintiff cites § 1983 as well as 42 U.S.C. § 1985 (Conspiracy to interfere with civil rights), 42 U.S.C. § 1986 (Action for neglect to prevent), and 18 U.S.C. § 242 (Deprivation of rights under color of law), and 42 U.S.C. § 1983. PageID.14-15. Plaintiff makes a passing reference to the Federal Constitution, asking the Court "to remember the constitution and its 4th amendment as you did make a promise." PageID.16.

## II.    This Court lacks subject matter jurisdiction over plaintiff's sovereign citizen complaint

Once a case is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Because plaintiff is proceeding *pro se*, the Court will read his complaint

4

indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Plaintiff's complaint recites sovereign citizen rhetoric which obfuscates his identity, refuses to acknowledge the authority of the State of Michigan, and undermines the federal court's authority by claiming special rights as a sovereign and reserving other rights under the U.C.C. The alleged causes of action arise from plaintiff's fictitious status as a sovereign, *i.e.*, defendant Officer Heaton was not employed by the "REPUBLIC OF MICHIGAN" and had no authority to disregard plaintiff's "God-given rights as a sovereign". PageID.8, 13. As one court explained,

> Sovereign Citizens is a loosely-affiliated group that believes that state and federal governments are illegitimate and therefore have no authority to regulate their behavior. *See United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019). Adherents to the theory believe that they are "natural humans" (or sovereigns), and that they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). A Sovereign Citizen may, for instance: rely on the U.C.C.; claim that the use of his name constitutes copyright/trademark infringement; claim that the U.S. Government is bankrupt and operates on a credit system that uses U.S. citizens as collateral; assert that he is proceeding in trust; assert that his status as sovereign citizens differs from fictional individuals identified by a birth certificate or social security number; or preface his name with "All Rights Reserved." *See, e.g., Wood v. United States*, 161 Fed. Cl. 30, 34 (2022); *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013); *Lebron v. BMW Fin. Servs.*, No. 6:21-cv-958, 2021 WL 9594003 (M.D. Fla. Dec. 13, 2021); *Presley v. Prodan*, No. 3:12-3511, 2013 WL 1342465 (D.S.C. Mar. 10, 2013) (collecting cases), report adopted, 2013 WL 1342539 (D.S.C. April 2, 2013).

*El-Bey v. North Carolina Department of Public Safety*, No. 5:21-CV-00084-MR, 2023 WL 1073721 at *4 (W.D.N.C. Jan. 27, 2023). "So-called sovereign citizens believe that they are not

subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). The inclusion of "UCC 1-308" and similar disclaimers "is a frequent and common tactic by those who adhere to the sovereign citizen movement." *See Maida v. United States*, No. 2:24-CV-02375-RFB-MDC, 2025 WL 48934 at *2 (D. Nev. Jan. 7, 2025). As explained in *Holmes v. Town of Silver City*, No. 19 CV 448 JAP/CG, 2019 WL 4451131 at *3 (D.N.M. Sept. 17, 2019), sovereign citizens "sometimes sign their names along with the reference to UCC 1-308 on documents with the belief that they can preserve their 'common law rights' and avoid submitting to legal authority. Leslie R. Masterson, *"Sovereign Citizens": Fringe in the Courtroom*, Am. Bankr. Inst. J., March 2011, at 1, 66 (2011)."

This Court has no subject matter jurisdiction over plaintiff's fictitious claims which are not based in law, but based "in the fantasies of the sovereign citizen movement." *Potter v. United States*, 161 Fed. Cl. 24, 29 (2022) (citing *Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (stating that "[a]llegations of subject matter jurisdiction, to suffice, must satisfy a relatively low standard," but also noting that "essentially fictitious" claims do not meet the standard (quoting *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015))). Plaintiff's claims "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" *Apple*, 183 F.3d at 479. Accordingly, the Court must remand this case to the state court pursuant to 28 U.S.C. § 1447(c).

### III.    Defendant's motion to dismiss and plaintiff's motion to remand

After removing this case to federal court, defendant filed a motion to dismiss for failure to state a claim and plaintiff filed his own motion to remand the case back to state court. There is no basis for the Court to address these motions. "In the absence of jurisdiction, the court's

6

only function is to announce the lack of jurisdiction and dismiss or remand the case." *Village of Oakwood v. State Bank & Trust Co.*, 481 F.3d 364, 366-67 (6th Cir. 2007). *See Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.") (Internal quotation marks omitted).

However, if the Court had jurisdiction over this matter, defendant's motion would be granted and plaintiff's motion denied. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While plaintiff's *pro se* complaint is to be liberally construed, *see Williams*, 631 F.3d at 383, "this court is not required to conjure up unpled allegations," *Dietz*, 100 Fed. Appx. at 338. Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

As an initial matter, plaintiff did not file a response to defendant's motion to dismiss. This failure is fatal to his position, being both a forfeiture of his claim and a waiver of opposition to the relief sought in the motion. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim amounts to a forfeiture of that claim). *See also, Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion,

then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*). For this reason alone, defendant's motion to dismiss should be granted.

Next, plaintiff has not set forth a claim for relief that is plausible on its face. The complaint fails to give defendant fair notice of the claims and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). As defendant points out, "[w]ithout any specifics being offered by Plaintiff, Defendant is left to guess as to which of his actions were allegedly unconstitutional, and in what way." Defendant's Brief (ECF No. 6, PageID.69). Here, plaintiff's complaint does not set out coherent causes of action against defendant. As discussed, plaintiff's claims are not based in law. Rather, his claims are based on fictitious legal relationships arising from the fantasies of the sovereign citizen movement. Stripped of the sovereign citizen rhetoric, plaintiff's complaint amounts to "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, if this Court had jurisdiction, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, plaintiff filed a motion to remand this matter to state court (ECF No. 10) because of a procedural defect under 28 U.S.C. § 1447(c). *See* Motion at PageID.114-115. If this Court had jurisdiction over this matter, plaintiff's motion to remand would be denied because the motion is untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal

under section 1446(a)." 28 U.S.C. § 1447(c). As discussed, defendant removed this case on October 7, 2024. Plaintiff did not file his motion to remand until more than seven months later on May 12, 2025. Accordingly, if this Court had jurisdiction, plaintiff's motion to remand should be denied as untimely.

### III.   Recommendation

For the reasons set forth above, I respectfully recommend that the Court remand this matter to the state court for lack of federal jurisdiction pursuant 28 U.S.C. § 1447(c).

In the alternative, if the Court finds that it has jurisdiction over this matter, then I recommend that plaintiff's motion to remand (EC No. 10) be **DENIED**, that defendant's motion to dismiss (ECF No. 5) be **GRANTED**, and that this case be **DISMISSED**.


Date   July 30, 2025                    /s/ Ray Kent
                                        RAY KENT
                                        United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).